**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

QUASON PARKER,

                                                  Plaintiff,

            v.                                        1:19-CV-113
                                                                   (GLS/CFH)

DAVID SOARES, et al.,

                                                  Defendants.

---

**APPEARANCES:**

Quason Parker
50 Chestnut Street
Cohoes, New York 12047
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

      Presently pending before the undersigned is review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. In a Report-Recommendation & Order dated April 26, 2019, the undersigned granted plaintiff's application to proceed in forma pauperis, and recommended: (1) dismissal with prejudice of (a) all claims against the individual officers in their official capacities, (b) all claims against defendant Soares and defendant McCanney in their individual and official capacities, (c) Monell claims against the Cohoes Police Department, (d) all claims seeking prosecution of defendants for official misconduct for offering a false instrument for filing; and (2) dismissal without prejudice as to (a) plaintiff's First Amendment, Equal Protection, and Due Process

claims/Monell claims against the County of Albany, (b) false arrest and false imprisonment claims, and (c) that plaintiff be permitted to attempt to set forth Monell claims against the City of Cohoes. Dkt. No. 6 at 21. The undersigned issued an amended Report-Recommendation & Order on May 23, 2019, which made no substantive changes. Dkt. No. 7. In an Order dated June 14, 2019, Senior U.S. District Judge Sharpe adopted the Report-Recommendation & Order in its entirety. Dkt. No. 8. On July 8, 2019, plaintiff filed an amended complaint. Dkt. No. 11. Presently pending before the undersigned is review of plaintiff's amended complaint.

Plaintiff's amended complaint is essentially identical to his original complaint. The only difference the undersigned can ascertain between the original complaint and the amended complaint is that plaintiff now appends legible copies of exhibits to his amended complaint. Compare Dkt. No. 1 with Dkt. No. 11. As plaintiff has made no changes to his complaint, the content of plaintiff's amended complaint does not cure the defects identified in the May 23, 2019, Report-Recommendation & Order, which was adopted by this Court in its June 14, 2019, Order. Dkt. Nos. 7, 8. The documents appended to the amended complaint do not assist plaintiff in overcoming the Heck issue identified in the May 23, 2019, Report-Recommendation & Order, as they fail to show that any charges or convictions have been terminated in his favor. Dkt. No. 7 at 11-13. In fact, they merely show that plaintiff was indicted by a grand jury for several crimes resulting from the incidents set forth in the amended complaint, Criminal Sexual Act in the First Degree (Penal Law § 130.51(1), Assault in the Third Degree (Penal Law 120.00(1)), Criminal Obstruction of Breathing or Blood Circulation (Penal

2

Law § 121.11), Criminal Contempt in the First Degree § 215.51(b)(iv), Aggravated Criminal Contempt (Penal Law § 215.52(1)), and Rape in the First Degree (Penal Law § 130.35(1)). Id. at 13-21. The documents appended to the amended complaint also do not cure the defects in the only remaining claims for which the Court allowed plaintiff an opportunity to amend – the Monell claims against the County of Albany and City of Cohoes.

Accordingly, as plaintiff has not cured any of the defects identified in the Report-Recommendation & Order, which was adopted by the Court, the undersigned recommends that plaintiff's amended complaint be dismissed in its entirety. Dkt. Nos. 7, 8. Insofar as plaintiff attempts to set forth claims for false arrest, false imprisonment, or malicious prosecution, it is recommended that plaintiff's claims be dismissed without prejudice to plaintiff commencing an action in the future should he be able to overcome the Heck bar, but that plaintiff not be permitted to amend his complaint in this action. Insofar as plaintiff attempts to set forth Monell claims against the County of Albany or City of Cohoes, it is recommended that plaintiff's claims be dismissed with prejudice and without opportunity to amend for failure to cure the defects identified in the May 23, 2019, Report-Recommendation & Order, as adopted by this Court in its June 14, 2019, Order. Dkt. Nos. 7, 8. Finally, it is recommended that insofar as plaintiff attempts to reallege claims that have been previously dismissed by this Court with prejudice, such claims be dismissed for the reasons set forth in the May 23, 2019, Report-Recommendation & Order, as adopted by this Court in its June 14, 2019, Order. Dkt. Nos. 7, 8.

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's amended complaint (dkt. no. 11) be **DISMISSED in its entirety**: (1) insofar as plaintiff attempts to set forth claims for false arrest, false imprisonment, or malicious prosecution, such claims be **dismissed without prejudice but <u>without</u> opportunity to amend in this action**, for the reasons set forth herein, and that if plaintiff files a second amended complaint in this action as to these claims, such complaint be stricken from the record; (2) insofar as plaintiff attempts to set forth <u>Monell</u> claims against the County of Albany or City of Cohoes, such claims be **dismissed with prejudice**;(3) insofar as plaintiff seeks to reallege claims previously dismissed by this Court with prejudice, such claims be **dismissed with prejudice** for the reasons set forth by the Court in its May 23, 2019 Report-Recommendation & Order and June 14, 2019 Order. Dkt. Nos. 7, 8; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d

Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[1]

    Dated: July 15, 2019
          Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[1] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

5